No. 35,978

Nick J. Schammo, *Appellee*, v. Edwin Ahlskog, doing business as Ahlskog Gravel Pit Company, *Appellant*.

(146 P. 2d 408)

Opinion filed March 4, 1944.

*John L. Kirkpatrick*, of Olathe, and *George Reinhardt* and *Frank Schibsby*, both of Kansas City, Mo., were on the briefs for the appellant.

*Howard E. Payne*, of Olathe, was on the briefs for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action to recover wages, liquidated damages and attorney's fees for overtime work under the Fair Labor Standards act of 1938. (52 Stat. 1060, 29 U. S. C. A. 201.)

Briefly stated it was alleged in the petition that plaintiff, during a 36 weeks' period had worked 16 hours each week in excess of the 44-hour week prescribed by the act, or a total of 576 hours; that his rate of pay was 87½ cents per hour. He sought to recover $750 for overtime, $750 for liquidated damages and $250 for attorney's fees. By his answer defendant admitted the employment and that the parties were under the act, denied generally and alleged that defendant had paid plaintiff and owed him nothing.

At the conclusion of a trial the court made findings of fact which are summarized and quoted as follows:

1. Defendant was subject to the provisions of the Fair Labor Standards Act.

2. Plaintiff was employed by defendant from November 24, 1928, to July 1, 1939. The above act fixed a 44-hour work week. Plaintiff was under the act and entitled to recover as wages a sum equal to one and one-half for all overtime above the 44-hour week.

3. "The Court finds that the capacity which the plaintiff served said defendant was that of a skilled laborer and foreman; that the plaintiff was entitled to receive for his labor the sum of 87½ cents overtime rate, per hour, for his said labor, which sum was a reasonable wage, in consideration with the type and character of the services which plaintiff rendered to the defendant."

4. There was no contract between plaintiff and defendant fixing number of maximum hours per week. Regular work week was 44 hours.

5. "The Court finds that Plaintiff worked 128 hours overtime, for which he has not received payment, and is entitled to pay at the rate of $1.31¼ per hour, making a total of $178."

6. "The Plaintiff is entitled to judgment for the sum of $100 in full of his liquidated damages."

Consistent with these findings the trial court rendered judgment in favor of plaintiff for $278 and costs.

Defendant filed a motion for a new trial. At a later term the trial court denied this motion but changed the amount allowed for overtime wages by correcting a mathematical error in the original computation, by increasing the amount of liquidated damages and by allowing attorney's fees.

The defendant appeals, specifying error in several particulars. We shall confine this opinion to the specification that the findings of fact and the judgment are unsupported by and are contrary to the evidence.

As the complaint is directed to findings 3 and 5 we may limit our review of the evidence.

Plaintiff testified that he worked as foreman at defendant's gravel pit from 1930 until he quit July 1, 1939; that he had been paid 87½ cents per hour until in 1933 or 1934 when he was paid at the rate of $3.75 per day when the plant was idle and $7.50 per day when it was producing; that when the wage and hour law became effective he

went back to work at 87½ cents per hour; that this was agreed on but he never got it. (We may observe the present action is not to recover regular wages not paid, but only for overtime.) Plaintiff testified the regular work week was 44 hours, but he worked ten hours per day or more, six days a week and some Sundays; that he kept a record, but claimed only on the basis of ten hours per day for a six-day week. His computation was that he had worked a total of 2,160 hours and that of that total 576 hours were overtime. He further testified that during the time in question he had received and cashed pay checks given him on the basis of $3.75 per day when the plant was idle and $7.50 per day when it was producing. For a more complete understanding, it may be said that defendant's testimony was that plaintiff was hired and worked on the basis on which he was paid and there was no contract or agreement he was to work by the hour at 87½ cents per hour.

When finding 3 is carefully read it will be noted that the trial court found plaintiff was entitled to receive the sum of 87½ cents *overtime* rate per hour for his services. As we do not predicate our decision on this phase, we only note, without discussion, that 87½ cents was not any overtime rate, it was the amount plaintiff claimed was the agreed rate for regular service; the overtime rate would have been one and one-half times greater, as indicated in finding 2 and as used in computing the amount found in finding 5. A much more serious difficulty with finding 3 is that there is no finding that plaintiff was employed at the rate of 87½ cents per hour. The finding is no more than that plaintiff was a skilled laborer and that 87½ cents overtime rate per hour was a reasonable wage considering the type and character of the services. That finding did not meet the issue presented. The suit was not as on *quantum meruit*. Under the evidence presented, plaintiff was employed either at a contract rate per hour, as he contended, or at a contract daily wage, as defendant contended. The finding as made is not supported by the evidence.

Neither does finding 5, that the plaintiff worked 128 hours overtime, find support in the evidence. Given full credence, plaintiff's testimony showed that during the entire thirty-six weeks involved he worked at least ten hours per day, six days a week, and if the work week was 44 hours, he put in 16 hours of overtime per week, or a total of 576 hours of overtime. Although defendant testified that plaintiff worked by the day and had no fixed hours, there was

nothing in his testimony from which it could be inferred that plaintiff put in only 128 hours of overtime or any other amount less than 576 hours during the period involved.

Some contention is also made about the sufficiency of the proof to meet requirements made by courts from other jurisdictions in applying the Fair Labor Standards Act to cases arising under it, as well as that the trial court erred in altering its judgment and rendering a new and different judgment after the term had expired, but in view of our conclusions it is not necessary that we notice such contentions.

We are of opinion the trial court erred in not granting a new trial for the reason the findings of fact and judgment were not supported by and were contrary to the evidence. The judgment of the trial court is reversed.